UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SOTERO PALMERO, *on behalf of himself
and others similarly situated*,

                           Plaintiff,

          -against-                          **REPORT AND
                                                                      RECOMMENDATION**
                                                                      19 CV 2679 (ARR) (CLP)

EY SALES CORP., *d/b/a* FOOD BASKET,
ABRAHAM GOLDSTEIN, ABC CORP.,
and JOHN DOE,

                           Defendants.
-----------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

       On May 7, 2019, plaintiff Sotero Palmero filed this action against EY Sales Corp., d/b/a/ Food Basket, Abraham Goldstein, ABC Corp., and John Doe (collectively, "defendants") seeking to recover unpaid wages, unpaid overtime wages, and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq, and the New York Labor Law ("NYLL") § 190 et seq.

       The parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement and Release, filed with the Court. (See Sett. Agr.).[1] On November 5, 2019, plaintiff filed a motion requesting that the Court approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). (Mot.)[2] On December 19, 2019, the Court held a fairness hearing

---

[1] Citations to "Sett. Agr." refer to the revised Settlement Agreement, General Release, and Waiver of All Claims filed as the first attachment to the plaintiff's Motion for Settlement Approval, filed June 11, 2020, ECF No. 34.

[2] Citations to "Mot." refer to the Motion for Settlement Approval, filed November 5, 2019, ECF No. 26.

1

on the motion, and on May 7, 2020, the Court held a continuation of the fairness hearing.  For the reasons set forth in this Report and Recommendation, the Court respectfully recommends approval of the parties' settlement as fair and reasonable and approval the attorneys' fee.

FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, defendants own and operate a grocery store and grocery delivery service, where Mr. Palmero was employed as a delivery person.  (Compl. ¶¶ 26-28).[3]  Mr. Palmero alleges that he was employed from approximately November 2016 until December 2018.  (Id. ¶ 27).  Mr. Palmero alleges that he worked 59 hours per week and that defendants paid him $700 per week in cash for his labor.  (Id. ¶¶ 35, 38).  According to the Complaint, defendants failed to pay Mr. Palmero minimum wages and overtime wages, and also failed to provide the plaintiff with wage statements and mandatory wage notices.  (Id. ¶¶ 41-46).

On May 7, 2019, plaintiff brought this action seeking to recover unpaid wages, unpaid overtime wages, liquidated damages, and spread-of-hours damages pursuant to the FLSA, New York Labor Law §§ 190 and 650 et seq., and the supporting regulations of the New York Commission of Labor.  (Id. ¶¶ 1-2).  On August 29, 2019, the parties filed a letter indicating that they had reached a settlement in principle.[4]  On September 5, 2019, pursuant to parties' letter, the Honorable Allyne R. Ross dismissed the case without prejudice to reopen it if the settlement was not consummated.  (9/5/2019 Order[5]).

On November 5, 2019, plaintiff moved for final settlement approval.  (Mot.)  The parties propose to settle the case for a total of $13,500.  (Id. at 2).  Of that amount, plaintiff is to receive

---

[3] Citations to "Compl" refer to Complaint, filed May 7, 2019, ECF No. 1.
[4] ECF No. 20.
[5] Citations to "9/5/2019 Order" refer to Judge Ross' Order dismissing this case without prejudice, ECF No. 21.

2

two-thirds; plaintiff's counsel seeks one-third of the total settlement in attorneys' fees, and does not seek costs. (Id. at 3). For the reasons set forth below, the Court respectfully recommends approval of the Settlement Agreement as fair and reasonable.

DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008) (internal quotation omitted); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a

different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. Rather, if the court finds one of more provisions of a FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. See id.

2. Settlement Terms

When plaintiff initially submitted the settlement agreement, the settlement agreement contained (1) a "no assist" clause that would prevent the plaintiff from assisting other employees in bringing other lawsuits against the employer; (2) a "no future employment" clause stating that the plaintiff would refrain from ever seeking employment with or other professional relationships with the defendants; (3) a non-disparagement clause with no carveout for truthful statements about the litigation; and (4) a broad general release. All of these clauses contravene the FLSA. See Garcia v. Good for Life by 81, Inc., No. 17 CV 7228 , 2018 WL 3559171, at *4 (S.D.N.Y. July 12, 2018) (holding that "[p]rovisions that prohibit a plaintiff from voluntarily assisting other individuals who may have claims against their former employer . . . are improper in FLSA settlements); Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs agree to never seek re-employment with defendant contravenes the FLSA); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in a FLSA settlement agreement "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case"); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a

4

settlement agreement containing a general release violated the FLSA). At both the initial and the continued hearing, the Court indicated some concern with the proposed settlement as written, but delayed issuing its ruling to allow the parties time to modify the agreement to comport with the law, and the parties agreed to submit a revised settlement agreement for the Court's approval.[6]

The Court now respectfully recommends a finding that that the terms of the Settlement Agreement, as revised and submitted on June 11, 2020, are fair and reasonable. The revised written agreement no longer contains a "no assist" and a "no employment clause," and the non-disparagement clause now has a carveout for truthful statements about the litigation. (Sett. Agr. ¶ 5). Although the Settlement Agreement contains a release, the release only precludes further lawsuits arising out of plaintiff's wage and hours claims (id. ¶ 4), which the Court finds reasonable, as a narrow release limited to the claims at issue in this lawsuit does not offend Cheeks.

3. Settlement Amount

The Settlement Agreement, reached after a period of arm's-length bargaining between the parties, proposes a total settlement amount of $13,500.00. (Mot. at 2). During the Fairness Hearing, counsel explained that, after filing the case, counsel discovered that the defendant only owned the grocery store for approximately five or six months of plaintiff's employment. While counsel believed that plaintiff was entitled to up to $100,000 in actual and statutory damages, counsel came to believe that defendant was only responsible for a portion of those damages. As such, the Court understands the proposed settlement amount to represent roughly half of what plaintiff claims entitlement to from this defendant.

---

[6] The Court understands this procedure to comport with Fisher v. SD Prot. Inc., 948 F.3d at 606.

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court respectfully recommends a finding that the settlement is fair. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

4. Attorney's Fees

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Courts in this Circuit have addressed the issue of applying a multiplier to the lodestar calculation. In one case, the Honorable William H. Pauley III concluded that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in

6

FLSA cases." Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). In reaching this decision, Judge Pauley examined the case law of this Circuit and noted that courts "have generally refused multipliers as high as 2.03." Id. at 438 (quoting In re Currency Conversion, 263 F.R.D. 110, 129 (S.D.N.Y. 2009)); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiff's attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013). Courts in this Circuit have reduced the award of attorney's fees when the lodestar or the percentage of the settlement that counsel sought appeared unreasonable.

Here, plaintiff's counsel seeks one-third of the total settlement; the total fee will be $4,500, from which defendants will first deduct payroll taxes. (Mot. at 4). At a rate of $450 per

7

hour, with 8.6 hours worked, plaintiff's counsel accrued $3,870.00 in fees over the course of this litigation, meaning the lodestar in this case is 1.16. (Id. at 3). Upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court respectfully recommends a finding that the requested fee to be reasonable.

Therefore, upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court respectfully recommends a finding that the requested fee is reasonable.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submissions, the Court respectfully recommends a finding that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arm's length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also respectfully recommends a finding that counsel's request for fees is reasonable based on the lodestar crosscheck.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a

. . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
June 22, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York